**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ATLAS M. MUMPHARD and
ROBERT JACKSON, JR.**                                                                              **PLAINTIFFS**

**VS.**                                                                              **CIVIL ACTION NO. 4:06CV26LR**

**KEMPER COUNTY, MISSISSIPPI and
REGINALD SPENCER, Individually and
in his official capacity as a Deputy of
Kemper County**                                                                              **DEFENDANTS**

## ORDER

This matter came before the court on the Defendants' Motion to Strike Plaintiff Robert Jackson, Jr. and Atlas Mumphard's Expert Witness J. Stewart Parrish, and Witness Steve Brown, the Plaintiffs' Motion to Compel, and the Plaintiff's Motion to Reconsider. With regard to the Motion to Strike, the Defendants argue that the Plaintiffs' identifications of a fact witness, Steve Brown, and an expert witness, their attorney, were untimely. The witnesses were named in a supplemental answer to Interrogatories, which was served at the end of the discovery period. The Plaintiffs argue in response that Brown was identified as a person with knowledge earlier in the discovery period, while their attorney has been named as an expert only for the purpose of establishing his reasonable attorneys' fees in this matter. The court will deny the Motion to Strike; however, the Defendants will be permitted an extension of the discovery deadline to October 18, 2006, for the sole purpose of taking Brown's deposition, if they desire to do so. With regard to the designation of their attorney, he would have been permitted to submit an itemization of his attorneys' fees without being named as an expert witness. For all of these reasons, the Motion to Strike will be denied.

The Motion to Compel seeks a copy of the personnel file of Reginald Spencer, which was requested during the discovery process. The Defendants argue that the Motion is untimely and unsupported by a Certificate of Good Faith; however, the court declines to deny the Motion on either grounds. The Motion was timely filed before the motion deadline, and, while the absence of a Certificate of Good Faith is normally grounds on which to deny a motion to compel, the court usually considers the motion on the merits if the omission is not discovered until briefing is complete. The Defendants also argue that the file is privileged, citing certain provisions of the Mississippi Code. As jurisdiction in this case is premised upon issues of federal law, state law does not provide the basis for establishing privilege. *Willy v. Administrative Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005).

Federal law is clear that the party seeking to establish a privilege bears of the burden of proof of demonstrating its applicability. *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). The Defendants have cited no federal statute or court rule that clearly covers the documents in question; instead, they cite sections of the Mississippi Code making such records confidential, or exempt from Mississippi's Public Records Act, Miss. Code Ann. §§ 25-61-1 through -17 (1972 & Supp. 2000). The Mississippi statutes do not supply the applicable law to create a privilege for Spencer's personnel file; even if they did, those statutes do not support their privilege claims. The Mississippi Supreme Court, in *Miss. Ethics Comm'n v. Comm. On Professional Responsibility*, 672 So. 2d 1222, 1224 (Miss. 1996), noted that "making rules of evidence to govern trials in our courts is a function at the core of the judicial power." Thus, it held that an agency could not assert a statute making records of its proceedings "confidential" as an evidentiary privilege, holding as follows: "To allow the Mississippi Ethics Commission to interpret a statute that effectively abrogates a rule of

evidence is an encroachment upon this branch's inherent duty and constitutional authority." *Id*. at 1225. Therefore, although the material might be confidential for purposes of public records requests, public dissemination, etc., it is not privileged, even under Mississippi law.

That being said, however, the court is mindful that Spencer is no longer a party, that his personnel file could contain confidential information irrelevant to the issues of this lawsuit, and that the Plaintiffs have not articulated any clear reason for obtaining the file. A Motion for Summary Judgment is pending before the District Judge, based on the defense of immunity. The Motion has been fully briefed, and there is no indication that material from Spencer's personnel file is relevant to the issues before the court. If that Motion is granted and this case dismissed, there is no need in requiring the production of Spencer's file or any material in it. If, however, the Motion is denied and this case set for trial, then the court will entertain a request that it review the file *in camera*, if the Plaintiffs can establish the need for any information contained therein.

With regard to the Motion to Reconsider, the Plaintiffs seek a reconsideration of the court's earlier Order quashing summons on Reginald Spencer. Since the undersigned granted the Defendants' Motion to Quash Summons on Reginald Spencer, the District Judge has dismissed him from the lawsuit. While the Motion was granted as unopposed, the undersigned is of the opinion that the Plaintiffs have not established that they are entitled to relief on the merits of this Motion.

As this court has stated on many occasions, only three reasons justify a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *see also Williams v. Mississippi Action for Progress, Inc.*, 824 F. Supp. 621, 623-24 (S.D. Miss. 1993); *FDIC*

*v. Cage*, 810 F. Supp. 745, 747 (S.D.Miss. 1993); *Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66, 67 (S.D. Miss. 1992). The Defendants established in their Motion to Quash that summons by publication was improper on this Defendant, and the court is not persuaded otherwise by the Plaintiffs' arguments that reconsideration is appropriate. In any event, since the District Judge has dismissed Spencer from this lawsuit, reconsideration is no longer the appropriate method by which to seek relief.

IT IS, THEREFORE, ORDERED as follows:

1. The Defendants' Motion to Strike is hereby **denied**.

2. The Defendants may take the deposition of Steve Brown, so long as they do so by October 11, 2006.

3. The Plaintiffs' Motion to Compel is hereby **granted**, but subject to the conditions articulated above.

4. The Plaintiffs' Motion to Reconsider is hereby **denied**.

IT IS SO ORDERED, this the 4th day of October, 2006.

                                                  S/John M. Roper
                                      UNITED STATES MAGISTRATE JUDGE