```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  EASTERN DIVISION


ATLAS M. MUMPHARD AND
ROBERT JACKSON, JR.                               PLAINTIFFS


VS.                              CIVIL ACTION NO. 4:06CV26LS


KEMPER COUNTY, MISSISSIPPI                         DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Kemper County, Mississippi for reconsideration of this court's order denying its motion for summary judgment. Defendant points out that the court's October 13, 2006 order denying its motion for summary judgment identified factual disputes pertinent only to plaintiffs' federal claims and did not address the defendant's claim of entitlement to immunity with respect to plaintiffs' state law claims. Defendant is correct that the court failed to specifically address defendant's motion for summary judgment as to plaintiffs' state law claims. The court does so now, and holds that defendant is not entitled to immunity as to plaintiffs' state law claims.

Defendant submits that it is entitled to immunity under Mississippi Code Annotated § 11-46-9(1)(c) and/or § 11-46-9(1)(d). These sections provide the following:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> . . .
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;
> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

Defendant submits that subsection (c) applies because plaintiffs were engaged in criminal activity at the time of their arrest, or even if they were not engaged in criminal activity, Deputy Spencer did not act in reckless disregard of plaintiffs' safety and well-being. Plaintiffs were not engaged in criminal activity at the time of their arrest; they were, in fact, acquitted of the charges brought against them. Moreover, accepting plaintiffs' allegations regarding Deputy Spencer's alleged wrongful arrest of plaintiffs, it cannot reasonably be said that Deputy Spencer did not act in reckless disregard of their safety and well-being. Cf. Craddock v. Hicks, 314 F. Supp. 2d 648, 655 (N.D. Miss. 2003) (finding no Mississippi cases directly on point dealing with the reckless disregard standard in the context of a wrongful arrest, but holding that officer had no immunity where he failed to make even a minimal effort to ensure he was arresting the right person). Here, plaintiffs allege that Deputy Spencer intentionally targeted them for arrest on account of a personal vendetta, notwithstanding

that they had committed no crime, and that the County was made aware of this but did nothing to protect plaintiffs. This certainly qualifies as reckless disregard for plaintiffs' safety and well being.

Defendant argues additionally and/or alternatively that immunity lies here under § 11-46-9(1)(d) based on the inherently discretionary nature of decisions whether or not to arrest. However, the court must agree with plaintiffs, who argue that the deliberate targeting of individuals for arrest in order to exact personal revenge, and the County's failure to act despite its awareness of the animus and threats, do not qualify as discretionary acts.

Accordingly, it is ordered that defendant's motion for summary judgment on plaintiffs' state law claims, and hence its motion for reconsideration, is denied.

SO ORDERED this 7th day of December, 2006.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE